## Case No. 10,726.

### PARKER v. BIGLER et al.

[1 Fish. Pat. Cas. 285;[1] 14 Leg. Int. 180.]

Circuit Court, W. D. Pennsylvania. May, 1857.

PATENTS—COSTS—EXPENSE OF MAKING MODELS—FEES FOR SERVING RULE—WITNESS—ATTENDANCE AND MILEAGE.

1. The expense of making or procuring models can not be included among the taxable costs, nor can models properly be classed as "exemplifications," under the act of February 26, 1853 [10 Stat. 161].

[Cited in Spaulding v. Tucker, Case No. 13,-221; Ethridge v. Jackson, Id. 4,541; Huntress v. Epsom, 15 Fed. 733; Wooster v. Handy, 23 Fed. 62.]

2. The marshal is not entitled to fees for serving a rule to plead.

[Cited in Spaulding v. Tucker, Case No. 13,-221; Ethridge v. Jackson, Id. 4,541.]

3. If a witness be summoned in several suits brought by the same plaintiff against different defendants, he is entitled to his attendance and mileage in each case.

[Cited in Wooster v. Handy, 23 Fed. 64; Young v. Merchants' Ins. Co., 29 Fed. 275; Archer v. Hartford Fire Ins. Co., 31 Fed. 662; The Vernon, 36 Fed. 117.]

4. When a witness lived without the state and within one hundred miles of the place of trial, by an air-line, but the marshal traveled one hundred and sixty miles to serve him, the marshal can be allowed mileage for one hundred miles only. The court can not assume an air-line for jurisdiction and a zig-zag for mileage.

[Cited in Spaulding v. Tucker, Case No. 13,-221; Haines v. McLaughlin, 29 Fed. 70; The Vernon, 36 Fed. 116; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 282.]

This was a motion [by Zebulon Parker] to retax a bill of costs, upon exceptions filed by the defendants [William Bigler, William Powell, and John F. Weaver]. The first exception was based upon the fact that the court (Irwin, J.) had at a former term made an order appointing a mechanic to make models of the wheels used in defendants' mill, and authorizing him to enter said mill for the purpose of obtaining measurements, etc. This order had been executed, and three tin models were produced and used as evidence upon the trial of the cause. The expense of examining the mill, and of making these models was taxed in the bill of costs. The other exceptions are sufficiently explained in the opinion of the court.

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

J. B. Sweitzer and S. S. Fisher, for plaintiff.

R. C. G. Sproul, J. H. Hamilton, and G. P. Hamilton, for defendants.

GRIER, Circuit Justice. 1. The first exception is to a charge for making models of defendants' mill wheels in order to show the infringement of the plaintiff's patent, $36.

It is alleged that the act of 26th February, 1853, "to regulate fees and costs," proposes to define what shall be hereafter the fees or compensation to be allowed to attorneys, marshals, witnesses, jurors, commissioners, and printers, which shall be taxed and allowed, and not to define absolutely what expenses of trial may be recovered from the losing party as costs of suit. Hence it is contended that this charge is not excluded by the enumeration of persons whose fees are limited by this act, and the expense incurred for models being necessary for the information of the court and jury should be paid by the losing party, as part of the "expensa litis." This may be true in a court of chancery where the decree may include any expenses which have been necessarily incurred in the suit, for the information of the court and in order to a just decision of the cause. These may be imposed on either party or both as the conscience of the chancellor may dictate, yet in courts of law no such discretion is given to the court. At common law no costs were allowed to either party before the statute of Gloucester (6 Edw. I. c. 1), and since that time only such as are called legal taxed costs. These are usually defined by statute, and, however far they may fall below the actual expenses incurred by the litigant, yet it is all the law allows as "expensa litis." See Day v. Woodworth, 13 How. [54 U. S.] 372.

The act of congress defines the fees and expenses which are taxable as costs, to be "the bill of fees of clerk, marshal, and attorney, and the amount paid printers, and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on the trial."

Models are not within the category, unless we treat them as "exemplifications;" but although "printers'" bills seem to be allowed, I can not see that carpenters' or tinkers' bills have the same favor, or that a model of a mill wheel can be called an "exemplification or copy of a paper." Whether courts of law have the power, which has been exercised in this case, of appointing an artist to make models for the use of plaintiffs' case, and authorizing him to enter on the defendants' premises for that purpose, may well be doubted. Where the same court has both a law and equity side it is liable to forget sometimes in which capacity it is acting. In actions of ejectment, it has long been the practice for the court, at the instance of a party, to appoint surveyors to run the disputed lines. The expense of such surveys is borne

by the party who obtains the order, or by both parties equally, when they join in the request; but it made no part of the taxed costs unless such had been the agreement of the parties, or some statute provision authorized it. Nevertheless the power of a court of law to compel a defendant to permit the agents of plaintiff to enter on his property for the purpose of furnishing evidence of a trespass or other tort, though sometimes assumed by courts, when no objection is made, can not be admitted; much less, their power to add the expense thereof to the bill of taxed costs. I know an instance, where, after full argument, the court decided they had no power to compel a defendant to permit artists for witnesses to enter the shaft or adit of his coal mine in order to ascertain the amount of coal taken from under his neighbor's land, but instructed the jury to consider such a refusal as a confession of the trespass and of largest damages, because the defendant having it in his power to prevent the truth from being ascertained, chose so to do.

The first exception is, therefore, allowed.

The second exception:

2. Is to a fee charged by the marshal as mileage for serving the rule to plead on the defendant, amounting to twelve dollars.

It is objected to this charge, that the marshal is allowed to fees only "for the service of any warrant, attachment, summons, capias, or other writ," and "for travel in going only, to serve any process, warrant, attachment, or other writ," including subpenas, etc. It is contended, moreover, that notice of a rule to plead should be served on the attorney who is in court, and consequently there can be no mileage.

It may be doubted whether a party can be ruled to plead, who has not appeared, and is not technically in court. It is true we no longer proceed to outlawry to compel an appearance, but enter judgment in default of appearance and plea; but as the fee bill gives no fee for services or mileage in case of notices under rules of court, the 48th rule of court permits notice of all such rules to be given by mail. The service by the marshal was therefore not official nor necessary. The second exception is, therefore, supported and the charge disallowed.

3. The third objection to the bill of costs is founded on this fact. The plaintiff has set for trial seven actions for infringement of his patent, brought against seven several defendants, against each of whom he has charged fees for subpenaing, and for the attendance and mileage of the same witnesses. When the same witness has been brought to court in suits where the parties are different, one can not complain that another has paid him, if he has obeyed the process of each, and given his testimony when called on. But where a witness has been produced by the same plaintiff to give his testimony in more cases than one against different defend-

ants, his right to demand from the plaintiff any fees for more than his actual attendance and mileage seems more doubtful. The witness should have but one remuneration for but one service. But on this subject different opinions have been entertained by courts, and it has been left to legislation and a correct construction of the statute on the subject.

The act of congress allows to the party entitled to recover as costs, "the amount paid witnesses," and if the witnesses have a right to demand mileage and daily pay in each suit in which they have been subpenaed to attend, by the same party, then this charge in the bill of costs is correct. The statute says, "when a witness is subpenaed in more than one cause between the same parties in different suits at the same court, but one travel fee and one per diem compensation shall be allowed for attendance," etc.

The inference from this provision would seem to be, that when the parties are not the same, the witness has a right to fees in each suit, and cases where the plaintiff alone is a party in each suit, are left in the same category with those where all the parties are different. Such has been, as we are informed, the construction given to this clause in other circuits, and in which we concur.

4. The fourth exception is to fees of marshal, for mileage in serving subpenas one hundred and sixty miles on persons living out of the state.

The sixth section of the act of March 2, 1793 (1 Stat. 335), declares that "subpenas for witnesses who may be required to attend a court of the United States, in any district thereof, may run into any other district, provided, that in civil cases, the witnesses living out of the district in which the court is holden do not live at a greater distance than one hundred miles from the place of holding the same."

An answer to this objection (which is clearly supported by the letter of the proviso), has been attempted by asserting that the witness lives in Guernsey county, Ohio, within a hundred miles of Pittsburg, by an air-line, but that the marshal had to travel one hundred and sixty miles by railroad and steamboat to reach his residence. But we can not assume two different modes of calculating distances, an air-line for jurisdiction and a zig-zag for mileage.

This exception is supported as to the sixty miles, and the marshal is allowed for one hundred miles only. If on rendering a service to the plaintiff he has actually traveled a greater distance, at his request, the plaintiff may be liable to him for the same, but is not entitled to recover it as costs. The clerk will retax the bill according to the principles stated.

[For other cases involving this patent see note to Parker v. Hatfield, Case No. 10,736.]