### STOKELY v. MATHER.

(District Court, D. Massachusetts. February 11, 1921.)

No. 96.

Witnesses ⚖══29—Mileage allowable from actual residence.

 In the federal courts in actions at law, mileage is allowable to a witness from his actual place of residence.

At Law. Action by Hattie N. Stokely against John L. Mather. On appeal from clerk's taxation of costs. Affirmed.

Kent & Wales, of Jacksonville, Fla., for plaintiff.

Hollis R. Bailey, of Boston, Mass., for defendant.

MORTON, District Judge. This is an appeal from the clerk's taxation of costs. The dispute is as to the allowance of travel for witnesses who attended and testified. One of them resided in Florida and came to Boston to attend the trial; the clerk allowed travel for 2,500 miles. The other witness was allowed travel for 314 miles. The clerk's computations are not objected to.

The question is whether travel can properly be allowed for a greater distance than 100 miles. It is an old question in this circuit. As early as 1842, Mr. Justice Story allowed travel from the actual place of residence (more than 100 miles), saying:

"Unless my memory deceives me, the same question has been presented to this court in several instances before the present, and it has uniformly received the same determination." Prouty v. Draper, 2 Story, 199, Fed. Cas. No. 11,447.

---

In 1886 the question was raised again in U. S. v. Sanborn (C. C.) 28 Fed. 299), and Mr. Justice Gray and Judge Colt, in a careful opinion, adhered to Mr. Justice Story's decision. The question was next raised in The City of Augusta, 80 Fed. 297, 25 C. C. A. 430, decided in 1897, in which the Court of Appeals for this Circuit approved the decision in U. S. v. Sanborn, supra. In 1910 the question was again presented to the Court of Appeals for this circuit in The Gov. Ames, 187 Fed. 40, 109 C. C. A. 94, and the court said, "It is time we should cease to hear from each of these propositions"—one of "these propositions" being the present contention of the appellant. The court adhered to its previous decision.

If any question can ever be regarded as settled by judicial decision, it would seem that the present one has been settled as far as the courts of this circuit are concerned.

Clerk's taxation affirmed.

NOTE.—The new Rules in Admiralty promulgated by the Supreme Court of the United States on December 6, 1920, provide that in admiralty cases travel shall not be allowed for more than 100 miles (rule· 47, 40 Sup. Ct. xvii), and will operate to change the practice in admiralty cases; but those rules do not apply to actions at law, and the present case went to judgment and the costs were taxed before the rules were promulgated.