## BARBER–COLEMAN CO. v. WITHNELL.

District Court, D. Massachusetts. July 10, 1928.

No. 1851.

Horace Van Everen, of Boston, Mass., for plaintiff.

Herbert A. Baker and Marcus B. May, both of Boston, Mass., for defendant.

MORTON, District Judge. This bill for infringement of patents having been dismissed, with costs [14 F.(2d) 780], both parties have appealed from the clerk's taxation of them.

The first item in dispute is the allowance of travel by the witness Moore from Southport, England, to Boston, where the case was heard. The clerk's action is affirmed, on Stokely v. Mather (D. C.) 270 F. 592, 593.

The next item is the clerk's refusal to allow travel from Manchester, England, to Boston, for the defendant Withnell, who attended the trial to assist in the defense, but was not called upon to testify. On this, also, the clerk's action was right. The item "travel and attendance," which was allowed, covers the attendance of parties.

The third item was an allowance of $32 for "photomicrographs" of the selector needles. It may conveniently be considered in connection with the disallowed items of $175 for drawings of the defendant's machine, and $35 for detailed perspective drawings of parts of the Wilby patent, relied on by the defendant. There is no dispute about the amounts of these items; the plaintiff's position being that they are not allowable. The point is of some practical importance.

It has been settled that costs in equity proceedings are not restricted to the items specified in the statute (R. S. § 983; U. S. Comp. Stats. § 1624; 28 USCA § 830), but may be allowed in the discretion of the court, unless controlled by statute or rule (Ex parte Peterson, 253 U. S. 300, 317, 40 S. Ct. 543, 64 L. Ed. 919; Newton v. Consolidated Gas Co., 265 U. S. 78, at 83, 44 S. Ct. 481, 68 L. Ed. 909). There is no statute or rule affecting the present case.

It has long been the practice in the Massachusetts courts "to allow the reasonable expenses of surveys and views in proper cases" (Stockbridge Iron Co. v. Cone Iron Works, 102 Mass. 80, 89) to be taxed as costs. The reasonable cost of plans in controversies affecting land is, I believe, allowed as a matter of course. I can see no difference in principle between plans of land used in connection with deeds, and drawings used to clarify a patent. In Victor Talking Mach. Co. v. Starr Piano Co. (C. C. A.) 281 F. 60, at 66, expenditures for motion pictures and photographs of cutting tools in operation were held taxable, because "necessary to enable the trial court to understand the processes and to make a proper record for review." 281 F. 66.

An illustrative drawing will often shorten materially the time and effort required to understand a patent. When it does so, it has been of real assistance, although not perhaps strictly "necessary," in the sense that the case could not have been decided without it. In the Victor Talking Machine Case, supra, as the motion pictures and photographs were held to be necessary, the court was not confronted with the question whether anything less would suffice. To restrict the allowance of such costs to drawings and photographs which were absolutely necessary seems to me too narrow a rule. The expense of those which were admitted in evidence and furnished real assistance to the court in getting at the essential facts of a case ought in justice to be taxable. Such a rule is narrower than that which has worked well in the Massachusetts courts, and leaves the whole matter so completely within the control of the court that the possibility of abuse, which is referred to in the Victor Talking Machine Case, seems to me remote.

It follows that items 10, 11, and 12 are each taxable.

Ordered accordingly.