**T. H. SYMINGTON & SON, Inc., v. SYMINGTON CO.**

No. 2208.

District Court, D. Maryland.

Oct. 9, 1935.

W. Thomas Kemp, Jr. (of Piper, Carey & Hall), of Baltimore, Md., and Frank Parker Davis, John W. Darley, and Rector, Hibben, Davis & Macauley, all of Chicago, Ill., for plaintiff.

J. Crossan Cooper, Jr. (of Venable, Baetjer & Howard), of Baltimore, Md., and Ernest F. Mechlin and Gilbert P. Ritter, both of Washington, D. C., for defendant.

CHESNUT, District Judge.

In this case the plaintiff has made a motion to retax the costs. The case was the usual patent infringement suit in equity. Plaintiff's patent, narrowly construed, was held valid, but not infringed. (D. C.) 9 F. Supp. 699. The patent related to springs for railway cars. In the decree dismissing the bill the costs were awarded to the defendant. The defendant's cost bill as taxed by the clerk includes the cost of making about twenty-five models illustrating the construction of the various parts of spring assemblies of various types used in railway cars; also illustrating the location and assembly of various types of springs in the so-called window frame openings of the railway cars, and features of construction pertaining thereto. Some few of the models also illustrated appliances constructed in accordance with various patents. Plaintiff's patented spring had not been reduced to actual practice and plaintiff produced no models thereof in consequence of which the defendant introduced two exhibits purporting to represent certain features of the plaintiff's patent. The total cost to the defendant of the construction of these models as included in the cost bill was $789.26.

The plaintiff's motion to retax the costs asks for the elimination of this item in the cost bill. After hearing counsel and reviewing most of the numerous cases cited, I conclude that plaintiff's motion should be granted.

As the question involved is an important matter of practice likely frequently to arise in patent cases, it may be helpful to state briefly the applicable rules of law. As to the previous practice it is said that in some cases heretofore in this district costs of similar models in patent cases in equity have been allowed to be taxed but there seems to have been no adjudication in this court upon the subject. It is to be borne in mind that the case is in equity and not at law and that the rules applicable to the taxation of costs in equity and in law cases respectively differ somewhat. It is said that in equity the costs are discretionary, but that in law cases costs follow the judgment. Furthermore statutory or other authority more strictly limits what are allowable taxable cost items in law suits than in equity where there is a wider discretion in the court. Then again it must be remembered that the question here arises in federal equity practice as distinct from state equity practice.

The authority for taxation of costs in federal court practice has been recently succinctly summarized by Chief Justice Hughes, speaking for the Supreme Court, in Henkel v. Chicago, etc., R. Co., 284 U. S. 444, 445, 52 S. Ct. 223, 224, 76 L. Ed. 386, as follows:

"The Judiciary Act of September 24, 1789, c. 20, 1 Stat. 73, contained references to costs, but no fee bill. By the Process Act of September 29, 1789, c. 21, 1 Stat. 93, it was provided that the 'rates of fees * * * in the circuit and district courts, in suits at common law,' should be the same as were 'used or allowed' in state courts. This was a temporary act (Act May 26, 1790, 1 Stat. 123, Act Feb. 18, 1791, 1 Stat. 191) but, under it and later legislation of a similar sort, the federal system was put in operation. It thus became 'the practical usage of the courts of the United States to conform to the state laws as to costs, when no express provision has been made and is in force by any act of Congress in relation to any particular item, or when no general rule of court exists on this subject.' Mr. Justice Woodbury in Hathaway v. Roach, Fed. Cas. No. 6,213, 2 Woodb. & M. 63, 67; Mr. Justice Nelson in Costs in Civil Cases, Fed. Cas. No. 18,-284, 1 Blatchf. 652; The Baltimore, 8 Wall. 377, 390–392, 19 L. Ed. 463; Ex parte Peterson, 253 U. S. 300, 316, 40 S. Ct. 543, 64 L. Ed. 919. But when the Congress has prescribed the amount to be allowed as costs, its enactment controls. The Baltimore, supra."

See also Newton v. Consolidated Gas Co., 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909; Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919. From these and other cases I find that the authority for taxing costs in federal court practice may be found in (1) Acts of Congress; (2) the general equity rules; (3) rules of particular district courts and (4) where no provision is made by any of these, applicable provisions of state law and practice may be followed.

I find nothing in the general equity rules of the Supreme Court nor in our local district court rules which would affect the problem in hand. And as patent infringement suits in equity are matters in the exclusive jurisdiction of the federal courts, the state law and practice afford no precedents. Nor am I referred to any provision of the United States Code which deals with the subject except title 28, § 830, 28 USCA § 830 (Rev. St. § 983— Act of Congress of 1853) which indeed is the principal federal statute dealing with the subject of costs. It reads as follows:

"The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause."

While this section might, in the absence of authoritative decisions of the Supreme Court, have been thought to be inclusive of *all* taxable costs, we learn the contrary from the decisions. Thus in Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919, the court held that in a law suit the expenses of a reference of a complicated account to an auditor including the expenses of a stenographer, could properly be taxed as an item of costs in the

case where the reference was made by an express order of court. It is obvious that the cost of models in patent cases is not expressly included or excluded by the statute. Resort must therefore necessarily be had to the case law dealing with the matter in hand. Referring to it we find that in very many patent cases the cost of models, other than those of the patent in suit, have been disallowed as taxable costs. Hathaway v. Roach, 11 Fed. Cas. 818, No. 6,213; Parker v. Bigler, 18 Fed. Cas. 1115, No. 10,726; Woodruff v. Barney, 30 Fed. Cas. 518, No. 17,986; Hussey v. Bradley, 12 Fed. Cas. 1059, No. 6,946a; Wooster v. Handy (C. C.) 23 F. 49; Cornelly v. Markwald (C. C.) 24 F. 187; Kelly v. Springfield R. Co. (C. C.) 83 F. 183; Bone v. Walsh Const. Co. (D. C.) 235 F. 901.

No case has been called to my attention either at law or in equity where the costs of models, other than those of patents in suit, have been allowed to be taxed as costs. The exception as to models of patents in suit seems to be explained by the fact that the early practice in the Patent Office was to receive models of patented devices rather than printed drawings, as is now required.

Defendant's counsel has cited several comparatively recent cases in which the cost of certain exhibits, said to be analogous to models, has been allowed to be taxed as a part of the costs. Thus in Victor Talking Mach. Co. v. Starr Piano Co., 281 F. 60 (C. C. A. 2), expenses for motion pictures and photographs of microscopic cutting tools were taxed. In Barber-Coleman Co. v. Withnell, 28 F.(2d) 543 (D. C. Mass.), there was taxed the expense of illustrative drawings of defendant's infringing devices. And in Appliance Inv. Co. v. Western Electric Co., 61 F. (2d) 752 (C. C. A. 2), the cost of simplified drawings of patents was allowed. In the Victor Talking Machine Case some of the above-cited cases in which the cost of models had been disallowed were considered and distinguished. The court said, at page 66 of 281 F.:

"In these cases expenditures for models made and used at the trial and for photolithographing sketches introduced by witnesses in giving their evidence were disallowed. They were treated as expenditures relating to argumentative matters, and not to physical exhibits bearing a direct relation to the patent in suit or infringement

thereof, such as photographs of models deposited in the Patent Office or of infringing devices. In this case, however, it was practically impossible for the trial court to get a visual idea of the operation of cutting tools and of the character of the grooves formed by them without illustration and enlargement in the way adopted. Both the tools and the grooves were of microscopic proportions, so that the situation, while not without some resemblance to that of models in other cases, should be differentiated because illustration here was necessary to enable the trial court to understand the processes and to make a proper record for review in this court. Much abuse can arise from too free a taxation of such items of costs as are here under consideration, and it would be better practice to obtain an order of the trial court before incurring the expense, but in this particular case the expenditure seems to have been justified."

In Appliance Inv. Co. v. Western Electric Co., supra, the Court in approving the taxation of the costs of simplified drawings evidently thought the allowance within the scope of 28 United States Code, § 830 (28 USCA § 830). At page 756 of 61 F.(2d) it was said:

"The subject-matter of this case is complicated, and so are the patent drawings in many instances. The allowance of costs was considered at length in Wooster v. Handy (C. C.) 23 F. 49. We do not think adherence to that decision or to Cornelly v. Markwald (C. C.) 24 F. 187, requires disallowance of the item. This expense is in the same category with that for motion pictures and photographs of small cutting tools allowed in Victor Talking Machine Co. v. Starr Piano Co. (C. C. A.) 281 F. 60, 66, and fairly falls within the statute under fees for 'copies of papers necessarily obtained for use on trials. * * *' As was said in the last case, the better practice, and we may now add the safer practice, would be to obtain an order of the trial court before such expense is incurred, but the need was so plain in this case that the allowance without preliminary order will be upheld."

In both cases the practical necessity of the exhibits for a proper understanding of the case seems to have been the controlling consideration. In the Barber-Coleman Co. Case (D. C.) 28 F.(2d) 543, 544, a some-

what more liberal view seems to have been taken where the District Judge said:

"To restrict the allowance of such costs to drawings and photographs which were absolutely necessary seems to me too narrow a rule. The expense of those which were admitted in evidence and furnished real assistance to the court in getting at the essential facts of a case ought in justice to be taxable. Such a rule is narrower than that which has worked well in the Massachusetts courts, and leaves the whole matter so completely within the control of the court that the possibility of abuse, which is referred to in the Victor Talking Machine Case, seems to me remote."

I do not think it can be said that the models that were used in this case were absolutely necessary for a proper understanding of the case. On the other hand it is certainly true that they were of very material assistance in enabling me to understand the essential point in the patent controversy. Indeed it may fairly be said that in most patent cases involving mechanical structures physical models and other exhibits illustrating the patent drawings or various contentions of counsel are of great assistance to the court and the liberal use thereof by counsel is undoubtedly to be encouraged in aid of the explanations and arguments of counsel. But after all, they are essentially explanatory and argumentative and in that respect merely aids to the argument of counsel and the explanations of expert witnesses. In federal court practice compensation to expert witnesses may not be taxed as costs. Henkel v. Chicago, etc., R. Co., 284 U. S. 444, 52 S. Ct. 223, 76 L. Ed. 386. And, although the point was reserved in Kansas City Southern R. Co. v. Guardian Trust Co., 281 U. S. 1, 9, 50 S. Ct. 194, 74 L. Ed. 659, as to whether in special cases attorneys' or solicitors' fees, beyond the nominal amounts fixed by statute, can ever be included as taxable costs, it certainly has not been the practice generally to make such an allowance.

Assuming that it is properly within the power of the court in its discretion, in a patent infringement suit in equity, to make allowance for the cost of models such as is here involved, in my opinion, the discretion ought not to be exercised in favor of the allowance, in view of the very generally expressed views to the contrary illustrated by the numerous cases above cited which have dealt specifically with the particular subject. It is true that most of the models, the cost of which is here challenged, were used as exhibits and were very helpful, argumentatively at least, to the defendant's case. Quite a number of them, however, were, I think, not necessary at all in the particular case and some few apparently were not actually offered in evidence and their inclusion in the tax bill was therefore probably inadvertent. No order of court was obtained to authorize making them and charging them in the costs. The defendant acted purely on its own initiative and exercised its own discretion in the matter. Even the cases relied upon by the defendant point out the possibility of thereby imposing an unreasonable burden of costs upon the unsuccessful party. It is not meant to imply that the failure to obtain a prior order of court was necessarily fatal to the subsequent taxation of the cost of such models. Indeed before argument of the case on its merits it would be rather difficult to determine in advance the necessity for such models. It is not doubted, however, that the court has the power to make such order where it is apparently reasonably necessary for the proper understanding of the controversy. Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919.