### THE WILLOWDENE.

(District Court, E. D. Pennsylvania. October 27, 1899.)

#### No. 30.

1. COSTS—PRINTING.
   Though the customary price for printing in a district is 75 cents a page, $1 a page may be allowed as costs, where the page is proportionally larger than the customary page.

2. SAME—EXPENSE OF SURETIES.
   Fees of corporate sureties cannot be allowed, even in admiralty, without authority of a statute or rule of court.

In Admiralty. Appeal from the taxation of costs.

N. Dubois Miller, for libelants.
Henry R. Edmunds, for respondents.

McPHERSON, District Judge. Several objections were taken to the clerk's taxation, but only two were insisted upon at the argument —First, because he disallowed so much of the cost of printing the record as exceeded the sum of 75 cents per page, this being the customary price in the district; and, second, because he refused to allow an item of $220, which was paid by the claimant to the surety company that joined in the stipulation.

I think the first objection has a fair ground of support. The cost

of printing is charged at $1 per page, and the clerk was right in re-fusing to allow it without explanation. Upon the argument, however, it was pointed out that the page in controversy was longer than the page for which the customary price is charged, so that the amount of printed matter furnished would cost nearly the same sum, whichever rate and corresponding page are taken. Under the circumstances, therefore, this objection will be sustained.

The second objection must be dismissed. It may be desirable that corporations should take the place of individual sureties, and that the charge for assuming the obligation should become part of the costs of litigation. If desirable, there are two ways by which the result may be properly reached,—either by legislation, such as was adopted by the state of Pennsylvania concerning corporate sureties on the bonds of certain trustees (Laws 1895, P. L. 248); or by a rule of court, if power to make such a rule exists. The district court of the Northern district of Washington has, in one case, allowed this expense as an item of costs (The South Portland, 95 Fed. 295), apparently without the sanction of a previous rule, on the ground that the award of costs in admiralty proceedings is always in the discretion of the court. This is no doubt true in the sense that the costs may be apportioned after the amount has been ascertained; but I do not think that the court has an unrestrained discretion over the amount. It cannot declare that every expense incident to a litigation shall become part of the costs. It may have power so to declare concerning the fees of corporate sureties. I do not decide the point, because I have not examined it with the necessary care; but, at least until the declaration is made by a rule, I believe there is no warrant of law for allowing such fees.

The first objection above stated is sustained. The others are overruled.