---

### In re HOYT et al.

#### (District Court, E. D. North Carolina. January 8, 1903.)

1. BANKRUPTCY—PAYING OUT FUNDS BY TRUSTEE—FAILURE TO COMPLY WITH RULES.

   A payment to a bankrupt by his trustee of a sum claimed as an exemption, from the funds of the estate, will not be allowed on settlement of the estate, where it does not appear that the exemption was set aside by the trustee as required by the bankruptcy act, or that the money was placed in the depository designated by the court, and paid out in the manner prescribed by the rules in bankruptcy.

2. SAME—COSTS—PAYMENTS FOR BONDS.

   Amounts paid sureties on a bond cannot be taxed as costs. Giving such bonds in a surety company is a privilege and convenience, but the fee paid therefor is not taxable as costs under any rule of court.

In Bankruptcy. On report of special master.

F. H. Bersten, for confirmation.

B. F. McLean, opposed.

PURNELL, District Judge. This proceeding in bankruptcy having on motion been referred, upon the coming in of the report of the special master herein appointed it is considered and ordered that the same be, and is, in all respects affirmed, except as hereinafter noted.

The payment of $500 each to the bankrupts by the trustee as a personal property exemption is disallowed. It appears this was done in violation of general order of the supreme court No. 29, and bankrupt rule of this district No. 10. There is no evidence this fund was deposited in a designated depository, and was paid to the bankrupts after it appeared by numerous affidavits they had sold the stock of goods and disclaimed any interest therein, which appears to be the only source from which the fund constituting the assets of the estate was derived. The constitution of North Carolina, under which debtors are allowed a personal property exemption, is article 10, § 1:

"The personal property of any resident of this state, to the value of five hundred dollars, to be selected by such resident, shall be, and is hereby exempted from sale under execution, or other final process of any court, issued for the collection of any debt."

Under Bankr. Act, § 47, subd. 11 [U. S. Comp. St. 1901, p. 3438], it is made the duty of the trustee to set aside the exemptions of the bankrupt "and report the same to the court." There is no evidence in the record this was done. There were, long before this amount was paid, proceedings in both the United States and state courts at the place where the bankrupts, the trustee, and the party who claims the goods reside, which were legal, if not actual, notice that another

claimed the goods; and it appears in the record that the law firm of which the trustee is a member represented petitioning creditors, and hence there was actual notice of such claim. Amounts paid out by trustees otherwise than is allowed in the bankrupt act will not be allowed in the settlement of the estate. The manifest purpose of congress in requiring trustees, referees, and designated depositories to give bonds was to protect estates in bankruptcy from (among other acts on the part of these officers of the court) paying out funds otherwise than the law and rules permit. For this amount ($1,000) the trustee is primarily liable on his bond; and, if the amount was paid by or under the authority of the referee, this officer would be liable secondarily on his official bond, as would the designated depository if the fund had been deposited therein and paid out otherwise than is provided in the rules above cited, which rules have been duly certified as required. To deposit the funds of a bankrupt estate in any bank other than a designated depository renders the officers making such deposit liable.

The claim of the O. K. Stove & Range Company, amounting to $607.27, mostly for attorneys' fees and expenses, except as allowed by the special master, is disallowed. Two items in this claim are for bonds,—one it does not appear for what it was given; and the other states, bond to indemnify the marshal. The costs in bankruptcy go, as in other causes, to the prevailing party. These parties have not prevailed, and are not entitled to costs. They are entitled to have the filing fees refunded, under the act (section 2, subd. 18 [U. S. Comp. St. 1901, p. 3421] ). It is presumed the bonds were given in a surety company, but this does not appear, and no voucher is filed showing the amount.

Prior to the act of congress giving the privilege of giving bonds in surety companies (a modern convenience), such a thing as a fee for bondsmen was unheard of as costs. There is no act making it taxable as costs, and, while courts may have allowed such costs to prevailing parties litigant, it is a new departure, and has not yet become the rule of court. But this is upon a supposition or presumption. It does not appear the amounts were paid a surety company, and they must be disallowed for the reasons stated in the report of the special master.

After paying the amounts set out in the report of the special master, including the bill of costs in this proceeding in the United States court, and the fees of the trustee as fixed in the bankrupt act, the balance in the depository will be at once reported to this court. And this proceeding in bankruptcy is held for further order.