NEWTON, AS ATTORNEY GENERAL OF THE STATE OF NEW YORK, ET AL., *v.* CONSOLIDATED GAS COMPANY OF NEW YORK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 565. Argued March 4, 1924.—Decided May 12, 1924.

1. Where a New York Commission, made a defendant in the District Court, was later abolished by c. 134, New York Laws 1921, *held,* that its joinder, or exclusion by summons and severance, was not necessary to sustain an appeal by its codefendants from an order taxing costs. P. 81.
2. An order of the District Court taxing costs in an equity suit otherwise ended, has the finality requisite for review by appeal. P. 82.
3. The rule of the federal courts forbidding appeals from decrees for costs only does not apply when the power of the court to assess the items in question, and not merely the exercise of its discretion, is in issue. *Id.*
4. The District Court, finding a statutory gas rate confiscatory, enjoined public officials from enforcing it, but, as a condition, required the plaintiff gas company to impound with a special master all sums collected from consumers in excess of the rate, pending determination of the case on appeal, and, later, for the protection of the plaintiff and to benefit consumers, permitted the plaintiff to withdraw the fund so accumulated by substituting surety bonds, conditioned for its return with substantial interest should the rate be upheld. The injunction having been affirmed, *held,* that the premiums paid for the bonds were taxable, and rightly taxed, against the defendants, as costs in conformity with a usage of that district. P. 84.

291 Fed. 704, affirmed.

APPEAL from a decree of the District Court taxing costs. For other phases of the suit, see 258 U. S. 165, 259 U. S. 101, and 264 U. S. 571.

*Mr. Harry Hertzoff,* with whom *Mr. George P. Nicholson, Mr. Carl Sherman,* Attorney General of the State of

New York, *Mr. Wilber W. Chambers* and *Mr. James A. Donnelly* were on the brief, for appellants.

This is a final order within the decisions.   *Odell* v. *Batterman,* 223 Fed. 292; *Central Trust Co.* v. *United States Light & Heating Co.,* 223 Fed. 420; *Georgia Railway & Power Co.* v. *Decatur,* 262 U. S. 432.

This Court has jurisdiction of the entire case and of all questions involved in it.   *Farmers' Loan & Trust Co., Petitioner,* 129 U. S. 206; *Citizens' Bank* v. *Cannon,* 164 U. S. 319; *Ex parte Hughes,* 114 U. S. 548.

The court below had the right, in granting the injunction, to direct the impounding of the difference between the statutory rate and that allowed under the injunction.

There is no rule of this Court authorizing or permitting sums paid for surety bonds, to be taxed as costs.   Rev. Stats., §§ 823, 983; *Edison* v. *American Mutoscope Co.,* 117 Fed. 192.   An examination of *The Volund,* 181 Fed. 643; *The Hurstdale,* 171 Fed. 607; and *The John D. Dailey,* 158 Fed. 642, discloses that the reason for allowing premiums on surety bonds was that they were given in accordance with Rule XXI of the Admiralty Rules for the Southern District of New York.

In *Lee Injector Mfg. Co.* v. *Penberthy Injector Co.,* 109 Fed. 964, the taxation of surety premiums was disallowed.   See *In re Michigan Central R. R. Co.,* 124 Fed. 727; *The Governor Ames,* 187 Fed. 48; *The Texas,* 226 Fed. 897; *Parkerson* v. *Borst,* 256 Fed. 827.

The substitution of surety bonds in place of cash was solely for the benefit of appellee, and for that reason the item should not have been allowed.

The appellants have already had substantial costs imposed upon them by reason of the order permitting appellee to take down the impounded moneys.

Had appellee coöperated with the appellants in advancing the appeal there would have been no necessity for expending part of the sums for premiums on surety bonds.

*Mr. John A. Garver,* for appellee, submitted.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This was an equitable action to enjoin the continued enforcement of c. 125 of the Laws of New York of 1906, which fixed at 80 cents a thousand feet the price at which gas was to be furnished to private consumers in the various boroughs in the City of New York, on the ground that the rate was confiscatory and violated the rights of the Company under the due process clause of the Fourteenth Amendment of the Federal Constitution.

The main controversy was settled in favor of the Company by this Court in March, 1922. 258 U. S. 165. Upon another appeal, we directed a reduction of the Master's fees by $28,750. 259 U. S. 101. When the case reached the District Court for further proceedings, the defendants made a motion to retax costs, objecting to half a dozen items charged. The court allowed certain exceptions but overruled others. The only one overruled and here insisted on is for $76,086.00 for premiums paid by the Company to surety companies for bonds securing the repayment of a large amount of money impounded with the special master.

When the District Court found that a rate of 80 cents was confiscatory, it granted an injunction to prevent the Attorney General of the State, the District Attorney of New York County, and the Public Service Commission from enforcing such a rate, but as a condition of such injunction, it required the Company to impound with a special master all sums charged for gas to consumers over and above the 80-cent rate until the issue could be finally settled in this Court. This Court, although it found error in certain other limitations of the order, held that so much of it was within the court's discretion. 258 U. S. 165. The plaintiff, after the order of impounding

was made, secured leave from the court to substitute the surety bonds in lieu of cash. In granting this leave, the District Judge said:

" The plaintiff urges with force, I think, that to impound all the moneys over eighty cents for a period perhaps of a year will cause loss both to itself and to the consumers. It suggests that it have the right to substitute adequate securities. The best that the special master can get on the deposits is probably three and a quarter per cent; the plaintiff if required to finance its temporary requirements must pay much more, it says fourteen per cent. In any case it will sustain a loss which will profit no one but the banks, so far as appears. I see no advantage in insisting upon impounding the moneys if adequate security can be otherwise provided."

The bonds were required to secure not only the cash for which they were substituted but interest at seven per cent. to become part of the fund. The court continued:

" I have required a substantial rate of interest because the plaintiff will be in effect using the consumers' money. On the one hand the consumer profits by getting more than he could from the banks, on the other the plaintiff profits by being relieved from high rates of interest. The rate at which the plaintiff has sold its bonds is seven per cent. and on short financing the rates are much higher. I think that seven per cent. should be the rate, even though the plaintiff must pay a premium to get the bond; it will recover back all that the consumers are not eventually entitled to."

From the final decree of the District Court fixing the costs, an appeal was taken to this Court. To that appeal the Public Service Commission of New York, as defendant in the suit, was not made a party and no summons and severance was issued against it. Accordingly the

appeal was dismissed in the following *per curiam,* 264 U. S. 571:

" Dismissed for the want of jurisdiction upon authority of *Masterson* v. *Herndon,* 10 Wall. 416; *Hardee* v. *Wilson,* 146 U. S. 179, 180; *Sipperley* v. *Smith,* 155 U. S. 86, 89; *Maytin* v. *Vela,* 216 U. S. 598, 601."

Upon a petition for rehearing the appellants bring to the knowledge of this Court that by c. 134 of the Laws of 1921, the Public Service Commission for the First District which was here concerned was abolished, and that, therefore, the appellants were not required by summons and severance to exclude from the future capacity to appeal, a defunct state board originally joined with them as a codefendant. *Mercantile Trust Co.* v. *Kanawha & Ohio Ry. Co.,* 58 Fed. 6, 14. We think the abolition of the Public Service Commission made it unnecessary to make it a party to this appeal and that the dismissal heretofore entered for lack of service of a summons and severance upon it should be set aside.

The appellee insists that the appeal must be dismissed, first, because it is not from a final decree, and, second, because no appeal lies from a decree for costs alone.

First. If the subject matter is appealable at all, there would seem to be no doubt that the decree has all the characteristics of finality. An execution can issue at once to collect the costs as taxed, including the item here complained of. *Trustees* v. *Greenough,* 105 U. S. 527; *Farmers' Loan & Trust Co., Petitioner,* 129 U. S. 206; *In re Michigan Central R. R. Co.,* 124 Fed. 727, 731.

Second. Is the order of the District Court for this controverted item appealable? There is no doubt that, as a general rule, an appeal does not lie from a decree solely for costs, and if an appeal on the merits be taken and affirmed, it will not be reversed on a question of costs. *Canter* v. *American Insurance Co.,* 3 Pet. 307, 319; *Elastic Fabrics Co.* v. *Smith,* 100 U. S. 110, 112; *Paper-Bag*

*Cases,* 105 U. S. 766, 772; *City Bank of Fort Worth* v. *Hunter,* 152 U. S. 512, 516; *Stuart* v. *Boulware,* 133 U. S. 78; *Du Bois* v. *Kirk,* 158 U. S. 58, 67; *Citizens' Bank* v. *Cannon,* 164 U. S. 319, 323; *Wingert* v. *First National Bank,* 223 U. S. 670, 672.

Questions of costs in admiralty and equity are discretionary and the action of the court is presumptively correct. *United States* v. *Brig Malek Adhel,* 2 How. 210, 237; *The Scotland,* 118 U. S. 507, 519. The allowance of costs in the federal courts rests not upon express statutory enactment by Congress, but upon usage long continued and confirmed by implication from provisions in many statutes. *Ex parte Peterson,* 253 U. S. 300, 316; and see *Pennsylvania* v. *Wheeling & Belmont Bridge Co.,* 18 How. 460.

The rule forbidding appeals from decrees for costs only is easily deducible from the discretion vested in the trial court in fixing them and the better opportunity of that court to exercise that discretion from its greater intimacy with details of the pleadings, hearings, and orders in the case. When the power of the court to assess costs against either party is not in dispute, or the mere amount to be fixed is in issue, appeals on such questions alone are not allowed. But the rule is not absolute and should not be enforced when the trial court assumes the power to assess as costs against a fund or a party expenditures of a class not legally assessable as such. Where a question of this kind is made, appeals have been allowed. Thus in *Trustees* v. *Greenough,* 105 U. S. 527, an appeal was allowed from a decree in equity solely for costs when the question was whether they could be properly paid out of a fund in the control of the court. So in *In re Michigan Central R. R. Co.,* 124 Fed. 727, an intervener was allowed to appeal from a decree of a trial court, allowing costs in favor of the clerk, when it was objected that neither by statute nor general law could such costs be

allowed by the court in favor of the clerk. The question is fully considered by the Circuit Court of Appeals of the Sixth Circuit in an opinion by Judge Lurton, afterwards Mr. Justice Lurton, of this Court. The many cases cited in which appeals from decrees for costs had been denied were distinguished as involving a question not of positive law, but of discretion. We think the distinction made in that case a sound one and that as the question is here presented, the appeal is a proper one.

The question is whether premiums for bonds paid by a party litigant to preserve his rights and save him from loss under the orders of court pending the litigation, can be taxed as costs against the defeated party. There has been considerable difference of opinion among the District Courts and the Circuit Courts of Appeals on this subject. This Court has never considered it. *The South Portland,* 95 Fed. (D. C.) 295; *Jacobsen* v. *Lewis Klondike Expedition Co.,* 112 Fed. 73 (C. C. A., Ninth Circuit); *Edison* v. *American Mutoscope Co.* (C. C.), 117 Fed. 192; *The John D. Dailey* (D. C.), 158 Fed. 642; *The Bencliff* (D. C.), 158 Fed. 377; *The Hurstdale* (D. C.), 171 Fed. 607; *The Volund* (C. C. A., Second Circuit), 181 Fed. 643; *Jones* v. *Edward B. Smith Co.* (C. C.), 183 Fed. 990; *The Europe* (C. C. A., Ninth Circuit), 190 Fed. 475, 481, are cases in which either by rule of court or through usage, such costs have been taxed in admiralty cases or equity causes. In *Lee Injector Mfg. Co.* v. *Penberthy Injector Co.* (C. C. A., Sixth Circuit), 109 Fed. 964; *The Governor Ames* (C. C. A., First Circuit), 187 Fed. 40, 48; *The Texas* (C. C. A., Third Circuit), 226 Fed. 897, 905; *Parkerson* v. *Borst* (C. C. A., Fifth Circuit), 256 Fed. 827; *In re Hoyt,* 119 Fed. 987 (D. C.), and in *The Willowdene,* 97 Fed. 509 (D. C.), it is held that where the disbursement is not made as the result of any rule of practice and there is no statute, rule, or usage by which it is made a part of the taxable costs of the case, it cannot be allowed. In

*The Texas, supra,* the Circuit Court of Appeals of the
Third Circuit, after expressing its approval of the view
that a rule of court or a practice equivalent thereto is
necessary to justify the taxation of such costs, said:

" But we may also say that we think such a rule or
practice has become so desirable that we feel confident the
court below will take an early opportunity to conform its
procedure in this respect to the custom prevailing in other
districts."

The District Judge, in passing on the issue, said that
it had been the custom in the Second Circuit to allow as
costs, premiums on stipulations given to release vessels
from arrest, citing *The Volund, supra; The Hurstdale,
supra; The John D. Dailey, supra;* that Judge Lacombe
in *Edison* v. *American Mutoscope Co., supra,* had allowed
as costs premiums upon a supersedeas bond in an equity
case, and that there had been a uniform usage for the
fourteeen years during which he had sat in that District
to allow such items.

We think that under the usage thus shown in the Sec-
ond Circuit, the District Court had power to assess these
premiums as costs in this suit in equity. It is apparent
from the circumstances already set forth that the order
made by the District Court under which these bonds were
secured and substituted for cash was not only in the in-
terest of the Company but of the consumers in whose
behalf the defendants below were contending. Had the
state authorities prevailed in this Court, they would have
secured from the surety companies on these bonds for
distribution among the customers not only the amount
of money impounded but also seven per cent. interest
thereon to compensate them for the taking of their money
and the delay in its return. As the cause went against
them, it was not an abuse of discretion to hold that the
defendants who have conducted the litigation and lost
should pay the costs of an arrangement made in their in-
terest, because of an expense with which the Company

had been unjustly burdened. It may be that in a circuit and district where no usage or rule of court exists, such costs may not be taxed. We are not called upon to decide that. It is enough, that we may decide this appeal, to hold that it was not an abuse of discretion or a violation of law for the District Court in the Second Circuit to allow the item.

By the Act of August 13, 1894, c. 282, 28 Stat. 279, Congress has made elaborate provision for the safe use of surety companies as security upon bonds required in court and other proceedings, and while it does not exclude individual sureties, it offers a most convenient and stable means of obtaining indemnity against the default of parties. This is much to be preferred to individual sureties because a properly conducted surety company makes it its business promptly to investigate and to meet its liabilities. Acceptance of the service of such companies is, of course, upon the basis of a regular rate of compensation, and where a party litigant has, because of the claim of the opposing party, been compelled to furnish such security, and it turns out that it was wrongly required, a rule of court or usage which imposes the expense of the security on the defeated party is not unreasonable.

*The decree of the District Court is affirmed.*