In re STANDARD COMMERCIAL TOBACCO CO., Inc.

District Court, S. D. New York.
June 14, 1940.

On Reargument Aug. 7, 1940.

Cohen, Cole, Weiss & Wharton, of New York City (Sidney A. Wolff, of New York City, of counsel), for Tobacco & Allied Stocks, Inc.

John M. Harlan, of New York City, Trustee.

House, Grossman, Vorhaus & Hemley, of New York City (Myron J. Kleban and S. David Leibowitt, both of New York City, of counsel), special counsel for debtor.

Hayes, Nottingham & Combs, of New York City (William W. Nottingham, of New York City, of counsel), for Ellsworth D. Hill, Harrison K. McCann, and John L. Anderson.

Hodges, Reavis, Pantaleoni & Downey, of New York City (Martin D. Jacobs and Richard Swan Buell, both of New York City, of counsel), for E. D. & R. L. Axton.

Aristotle Souval, of New York City (Robert L. London, of New York City, of counsel), for Hellenic Bank Trust Co.

Frederick T. Finnigan, of New York City, for Securities Exchange Commission.

WOOLSEY, District Judge.

This petition to review is dismissed and the findings of fact and conclusions of law of the Referee, Robert P. Stephenson, Esq., to whom the matters herein involved were referred to hear and determine, are hereby confirmed and adopted by this Court for they are, in my opinion, clearly right.

There is not aught to be added by me to the full opinion which the Referee has written and the careful findings of fact and conclusions of law herein which he has made.

In this very interesting cause, I content myself by writing this short memorandum solely in order that all delay possible may be obviated, and the inevitable appeal herein may start on its way as soon as possible.

An appropriate order embodying this decision may be submitted for signature through the Clerk's office on the usual notice.

*On Reargument of the Decision Herein of June, 1940, Limited to the Form of Decree Entered by the Referee and Confirmed by Me.*

George Z. Medalie, of New York City (Walter J. Fried, of New York City, of counsel), in support of such reargument.

Harper & Matthews, of New York City (Ben A. Matthews, Murray F. Johnson, and Vincent P. Uihlein, all of New York City, of counsel), for trustee.

Riegelman, Hess, Strasser & Hirsch, of New York City (George Z. Medalie, Charles A. Riegelman, and Walter J. Fried, all of New York City, of counsel), for Wertheim & Co. et al.

314

Ben A. Matthews and Murray F. Johnson, both of New York City, in opposition thereto.

WOOLSEY, District Judge.

The form of the decree entered by the Referee and approved by me is challenged by the petitioners in three respects, with which I shall deal seriatim, and in which I find no reason to change my views already expressed, except only as hereinafter indicated in regard to the date when interest shall begin to run under the decree of rescission and the rate of such interest.

■ I. There is not any reason for disturbing the Referee's ruling on costs. In causes of this kind costs are discretionary and the Referee's discretion was wisely exercised herein. Cf. Newton v. Consolidated Gas Co., 265 U.S. 78, 83–86, 44 S.Ct. 481, 68 L.Ed. 909.

II. Before the sale of the stock here in question the debtor—then in possession—had as its chief asset 80,610 shares of Axton Fisher Tobacco Company common stock. Of this stock it owned outright 115 shares only, and owned, subject to the lien of several pledges, the equity in 80,495 shares.

The position of the Trustee under the Referee's decree has been changed in two respects only, to wit:

A. The personnel of the pledgees has changed. They are now the purchasers at the sale, who secured the stock by purchasing 115 shares direct from the debtor and paying it therefor, and liquidating the pledges covering the other shares by direct payment to the pledgees and purchase of the equities therein from the debtor and payment to it therefor, and

B. The base of the pledge has been slightly broadened by extending it to the 115 shares previously unpledged.

The purchasers' position is, therefore, to a small extent more favorable than under the status quo ante.

The purchasers now claim that they should have from the Trustee cash for the purchase price of all the shares, which they bought, as a condition precedent to the transfer thereof to the Trustee, who has received cash only for his equity therein, the balance of the purchase price having been paid to the pledgees.

I cannot agree to the purchasers' contention.

Such a provision in the decree, as is suggested by them, would not restore the status quo ante, but would put the purchasers, whose breach of fiduciary duty necessitated these elaborate proceedings which resulted in setting the sale aside, in a better position than either the Trustee, or his predecessor in interest, the debtor, neither of whom was guilty of any wrong, were before or since the sale.

I do not think that there should be any such result and I do not understand that any such result is implicit in the doctrine of rescission. That doctrine, in so far as we are here concerned with it, I understand to be merely that the person seeking rescission should not profit by it, but should be restored to the status quo ante as nearly as may be. His real relief is getting rid—for some reason or other regarded as legally or equitably appropriate—of a bargain, of which he has repented.

I do not know of any case in which the guilty party in a rescission has been put in a better situation than it was under the status quo ante. Yet that is what I am asked by the purchasers, in effect, to do, owing to the circumstance that the pledges were liquidated by payment direct to the pledgees, who were entitled to foreclose their pledges.

I believe the situation, here involved, to be without precedent in the books.

Now the money which the purchasers spent in buying off the liens of the pledgees was an investment made at their own risk to clear their title to the shares. The debtor and the Trustee were not interested in aught but such equity as there might be in the pledged stock. The purchasers may not properly, therefore, on a rescission of the sale, ask for any cash from the Trustee which he has not received.

It should be here noted also that the purchasers implicitly acceded to the right of the pledgees to foreclose their pledges when it did not include in its petition to review the dismissal of this proceeding by the referee as against them. This leaves the situation finally at rest so far as this aspect of it is concerned.

The purchasers are certainly not of right entitled to be in any better position than the pledgees were. The Referee in his decree has, however, as above noted, by putting the 115 unpledged shares under the pledge imposed by the decree given the purchasers a slightly better position—

call it subrogation or what you will—than they had under the status quo ante.

Both the vendor and the purchasers in this abortive sale are in my opinion, therefore, substantially where they should be. Certainly the purchasers cannot complain of a broadening of the base of the pledge, slight though it may be.

III. Paragraph 7 of the Referee's decree provides that interest at 6% per annum on the sum of $663,237.06—paid to the respective pledgees to liquidate their pledges—should commence to run in favor of the purchasers only after the date on which the 80,610 shares of stock is delivered back to the Trustee.

Interest at the rate of 6% per annum is legal interest in New York, to be sure, but the pledgees had been receiving interest at the rate of 4.44% per annum under the original pledge agreements, and under transfers, thereof, had before the sale.

The Axton Fisher Tobacco Company has earned money whilst under the ownership of the purchasers since May 9, 1939, at which time the sale was confirmed and the stock was transferred to them.

On behalf of the purchasers it is contended, on this reargument as to the form of the decree, that this usufruct of the purchasers as constructive fiduciary be, in effect, compensated for by requiring the Trustee to pay interest on the whole purchase price from said May 9, 1939, instead of on a part only thereof from the date of recapture of the stock by the Trustee.

I agree to this contention, for a decree in rescission of a sale is granted, in effect, nunc pro tunc as of the date of the sale, and should operate accordingly if any interest be allowed.

Here in view of the fact that, as is common ground, the Axton Fisher Tobacco Company has earned money between May 9, 1939, the date of the transfer of the stock to the purchasers, and the present time, there is not any hardship on the Trustee in making him pay interest on the whole purchase price from May 9, 1939, until it be all repaid, and thus, in theory, if not in actuality make the purchasers whole.

The rate of interest now remains to be considered.

Under the pledge agreements as noted above the interest paid to the pledgees was at the rate of 4.44% per annum. When before the sale, the pledgees' position was taken over by some of the purchasers this rate was continued.

The payment of this interest ceased as of the date of the sale. It represents exactly, therefore, what was saved by the Trustee in interest, due to the sale, from that date and also indicates fairly what was regarded by the interested parties as a proper rate of interest in view of the money market and the security which the pledges afforded to the pledgees.

Consequently, I rule that the rate of interest to be allowed to the purchasers shall be at the rate of 4.44% per annum on the whole purchase price, and that it must commence to run on May 9, 1939, and continue at that rate on any unrepaid amount of the purchase price, until the whole amount thereof has been repaid to the purchasers.

IV. The entry of the Trustee into this reorganization proceeding completely superseded the debtor, and thereafter neither the debtor or his attorneys had any locus standi whatever therein. In order to clear the record, therefore, the Trustee is entitled to include in the decree herein—which will be modified as above indicated—a declaratory judgment to that effect, but without costs.