## In re BURBANK CORPORATION.

### No. 39671.

District Court, S. D. California, Central Division.

Jan. 8, 1943.

John L. Martin, of Los Angeles, Cal., for Southern California Telephone Co.

Rollin E. Woodbury, of Los Angeles, Cal., for Southern California Edison Co., Ltd.

Oscar C. Sattinger, of Los Angeles, Cal., for Southern Counties Gas Co. and Southern California Gas Co.

LeRoy M. Edwards, Neil G. Locke, and D. W. Cozad, all of Los Angeles, Cal., for Southern Counties Gas Co.

George S. Dennison, of Los Angeles, Cal., for debtor.

J. P. Keleher, of Craig & Weller, of Los Angeles, Cal., for trustee in bankruptcy.

J. F. T. O'CONNOR, District Judge.

Should a public utility be paid in full for service rendered prior to filing a petition, as a condition to rendering further service, where a debtor has filed a petition under the provisions of Chap. XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and later is adjudicated a bankrupt?

The Burbank Corporation, a corporation hereinafter called the debtor, filed and had approved its petition under Chapter XI of the Bankruptcy Act, Sec. 322, on November 19, 1941. Counsel advise they have been unable to find an authority in point

in the higher courts. The debtor filed an amended arrangement on January 8, 1942. On January 21, 1942 the referee appointed a creditors' committee. On May 14, 1942 a hearing was held before the referee, Hubert F. Laugharn, to determine whether the debtor should be adjudicated a bankrupt or the proceedings under Chapter XI of the Bankruptcy Act be dismissed, at which time the debtor had no arrangement to offer his creditors and, without objection on the part of the debtor or any of the creditors, the Burbank Corporation, a corporation, petitioner, was adjudicated a bankrupt. The same trustee whose nomination was approved by order dated January 21, 1942, was appointed trustee to liquidate the estate. The order was made on May 16, 1942. At the time of the filing of the petition by the Burbank Corporation on November 19, 1941, the petitioner and debtor was indebted in the sum of $5,988.05 to the following public utility corporations: Southern California Telephone Company, Southern Counties Gas Company, Southern California Gas Company, Southern California Edison Company.

The Public Service Department of the City of Burbank, a public service corporation, filed its claim for $2,234.84 as a general claim without any claim of priority. The utility companies named maintain that they should be paid for services represented by their claims, which were due and owing at the time the petition of the debtor was filed, in full, and prior to those of general creditors. The trustee maintains that they have no such right or priority, but, under the provisions of the Bankruptcy Act, are general creditors. The business of the debtor being that of dehydrating and food processing, was conducted on and after November 22, 1941 by the receiver appointed by the court. No question arises as to the payment for services furnished by the public utilities on and after November 22, 1941, as the receiver had on hand in excess of $50,000 in cash.

Under the amended plan or arrangement, the public utility companies were to be paid the amounts of their past-due claims in full at stated times in the future. The debtor was unable to raise the necessary finances to carry out the plan, and on May 16, 1942 an order of adjudication was entered. The referee had for his consideration the rules and regulations of the various utility companies—they were in substantial accord. The Rule and Regulation No. 9, of the Southern California Edison Company, Ltd., provides:

"(a) Non-Payment of Bills:

"A consumer's electric service may be discontinued for the non-payment of a bill for electric service rendered, provided that the bill has not been paid within * * *" etc.

Rule and Regulation No. 6(a):

"Establishment of Credit:

"(4) If the applicant has previously been a consumer of the Company, and has paid all bills for electric service * * *" etc.

"(5) If applicant for service is a receiver appointed by any Court, trustee in bankruptcy, trustee under any trust indenture or mortgage, an assignee for benefit of creditors, or a committee of creditors, and such applicant applies for or is receiving service at the premises covered by the court proceedings or trust indenture or mortgage, or an assignment or appointment by which he or they are acting as such, such applicant or applicants shall be required to establish his or their credit by making a cash deposit as provided in Rule and Regulation No. 7-b or by furnishing a guarantor or a bond satisfactory to the Company, regardless of whether such service is required in his or their own name or on behalf of the owner of such property or on behalf of the creditors of the owner of such property * * *."

The services were paid for by the receiver during the time he was in possession of the property.

The utility companies contend that, under Chap. XI the debtor is not divested of its title, and that a continued operation of the business by a receiver or trustee is by the same customer and, therefore, it can be required to pay the utility debt incurred prior to the date the petition was filed, and contends further that the proceeding is different from a bankruptcy proceeding. The court finds no distinction between the two proceedings on this point. "* * * the powers and duties of the officers of the court and, subject to the approval of the court, their fees, and the rights, privileges, and duties of the debtor shall be the same * * * where a petition is filed under section 322 of this Act [section 722 of this title], as if a voluntary petition for adjudication in bankruptcy had been filed

174

and a decree of adjudication had been entered at the time the petition under this chapter was filed." Chap. XI, Sec. 341, Bankruptcy Act.

■ Sec. 70, sub. i, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. i, makes it clear that when the plan or arrangement is completed or confirmed, "the title to the property dealt with shall revest in the bankrupt or debtor, * * *". See, also, Sec. 21, sub. h, 11 U.S.C.A. § 44, sub. h. In re Standard Commercial Tobacco Co., Inc., D.C., 34 F.Supp. 304; In re Consolidated Rock Products Co., D.C., 36 F. 912; In re Los Angeles Lumber Products Co., D.C., 37 F.Supp. 708.

■ All parties are in agreement that in an ordinary bankruptcy the utility companies can only require the receiver to establish his or their credit "by making a cash deposit * * * or by furnishing a guarantor, or both—satisfactory to the company * * *", and cannot require that he pay the accumulated obligations of the bankrupt for services rendered prior to the adjudication.

Remington on Bankruptcy, 4th Ed., Sec. 2661.50: "Threatening to discontinue further service unless unpaid bills for rent, gas electricity, insurance, etc., be paid up in full.—It is improper to include as part of the expense of administration unpaid bills of the bankrupt for rent, gas, electricity, insurance, etc., that are not liens on the property; and threats to discontinue service unless they are paid up may be enjoined." Citing Title Guarantee & T. Co. v. 457 Schenectady Ave., Inc., 235 App.Div. 509, 257 N.Y.S. 413.

■ The referee pointed out the distinction and the difference in the cases cited by the utility companies and the present proceeding. The court's attention has been called to several rulings by judges of this court. None of the rulings were passed upon by the Circuit Court of Appeals.

In the matter of Harmon-Ising, Bankrupt, No. 32341,[1] the court required a deposit for present and future service but no deposit was made. In the matter of New York Hardware Trading Co., No. 32567,[1] no deposit had been made and there was no tender of any bond or security for the future services. In the matter of Valley Dairy Co., Inc., No.

31478,[1] the trustee petitioned for an order for authority to pay utility bills, including past accruing and present bills. In the instant case the trustee strenuously opposes making payment of past-due bills. In the matter of Eastland Trucking Co., No. 31478,[1] the court denied the right of the utility company to discontinue service until the payment of delinquencies in the bills contracted prior to the filing of debtor's petition under Sec. 77, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. b. In the matter of A. E. Minni,[1] No. 33532, the court authorized the utility company to discontinue serving the debtor and/or the receiver until the bills incurred by debtor before and after filing the petition were paid. The order also required the receiver to post a cash deposit as security to pay future bills.

In re Urban Properties Corporation v. Benson, Inc., 116 F.2d 321, 322, Ninth Circuit, discussed the right of a lessor to terminate a lease in the event " * * * a receiver or other officer or agent be appointed to take charge of the demised premises or the business conducted therein * * *." The court discussed the status of the person in possession by order of the court under Chap. XI. Judge Denman, speaking for the court, said: "The statutory continuance of a debtor in possession subject to the control of the court certainly creates the debtor a 'custodian' of the property under the court's control and hence an 'officer' ".

And further, the court said: "However, whether or not the debtor is an officer within the provisions of Section 1(22) [11 U.S.C.A. § 1(22)], the authorization to conduct the business under the control of the court is to conduct it not as a free lessee, but as 'agent' for the court in its care of the interest of the creditors." Citing a number of cases.

The court further said: "It is immaterial that the lessee still owned the business. It had lost charge of it and when authorized by the court to take charge it was in a new and entirely different character of taking charge from that as lessee under the lease. The lessee had lost dominion of the conduct of the business for itself and that had been transferred to the court, which has the same exclusive jurisdiction of the debtor's property under Chapter XI as if a voluntary petition had

[1] No opinion for publication.

been filed and a decree of adjudication entered. Section 312(2) [11 U.S.C.A. § 712(2)]."

The legal status of one appointed by the court has been passed upon in several decisions. In re Walker, 2 Cir., 93 F.2d 281; Matter of Wil-low Cafeterias, Inc., 2 Cir., 111 F.2d 83; In re Flayton, D.C., 42 F.Supp. 1002; Kennison v. Philadelphia & Reading Coal & Iron Co., D.C., 38 F. Supp. 980.

The ruling of the referee is affirmed, and the utility companies are general creditors, and are not entitled to priority over other creditors.