**McWILLIAMS DREDGING CO. et al. v.
DEPARTMENT OF HIGHWAYS OF
LOUISIANA.**

No. 13331.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1951.

Rehearing Denied March 9, 1951.

Eberhard P. Deutsch, Robert E. Leake, Jr., New Orleans, La., for appellants.

D. Ross Banister, Dept. of Highways, Joseph A. Loret, Dept. of Highways, Baton Rouge, La., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from an order taxing costs, appellants are here insisting that it should be reversed.

Invoking the general rule that an appeal does not lie from a decree solely for costs,[1] appellee insists that the appeal should be dismissed as one merely involving discretion, and, in the alternative, that if appealable, the order should be affirmed.

Since the refusal below to tax most of the items was based not upon the exercise of discretion but upon want of power to do so, it is clear that the order was appealable.[2] We cannot, therefore, agree with appellee that the appeal should be dismissed.

We do agree with it, though, that the order should be affirmed. This is so because the refusal of most, indeed of nearly all, of the items, was based upon the view that there was no provision in the Statute, the Rules of Civil Procedure, 28 U.S.C.A., or in the practice of the court authorizing their allowance, while the allowance of the other small items was in the discretion of the court.

In Parkerson v. Borst, 5 Cir., 256 F. 827, at page 829, this court held that the

---

1. Newton v. Consolidated Gas Co., 265 U. S. 78, 44 S.Ct. 481, 68 L.Ed. 909; Walker v. Lee, 9 Cir., 71 F.2d 622.

2. Newton v. Consolidated Gas Co., note 1, supra; Walker v. Lee, note 1, supra; Williams v. Sawyer Bros., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527; Barnes Co. v. International Harvester Co., 7 Cir., 145 F. 2d 915.

allowance or disallowance of items of cost was properly determined by whether there was a statute, rule, order or practice of the court allowing them as taxable costs in the case.

■ The action of the court below in disallowing items as costs was in precise accordance with that decision.

■ As to the amounts he allowed, it is settled by the authorities cited supra, that where the taxation or non-taxation of costs involves not a question of the power to allow but of the amount to be allowed, an appellate court will not review the order.

The judgment is

Affirmed.