**In re NORTHERN INDIANA OIL CO.**
**MOORE v. FLETCHER.**

No. 10374.

United States Court of Appeals
Seventh Circuit.

Nov. 1, 1951.

George Cohan, Gary, Ind., for appellant.

Fred F. Eichhorn, Gary, Ind., for appellee.

Before KERNER, FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

In Re Northern Indiana Oil Company, Inc., Bankrupt (Fletcher v. Surprise), reported in 180 F.2d 669, this court reversed an order of the District Court for the Northern District of Indiana, Hammond Division, entered on a petition by the Trustee to bring in unscheduled assets of the Bankrupt. On petition for rehearing in that appeal, this court modified its original opinion and denied rehearing. The mandate therein was stayed pending disposition by the Supreme Court of a petition for certiorari. On October 9, 1950, said petition was denied by the Supreme Court, 340 U.S. 824, 71 S.Ct. 58, 95 L.Ed. 605. Thereafter, on October 19, 1950, the mandate of this court issued to said District Court for the Northern District of Indiana. Said mandate awarded Robert B. Fletcher costs, expended in this court, in the sum of $1531.70 against Charles L. Surprise, Trustee, and directed that execution issue therefor; it further directed that the Trustee's petition to bring in assets be dismissed for want of jurisdiction.

Thereafter, pursuant to such mandate, the said District Court entered its decretal order of October 28, 1950, which provided:

"It is here Ordered, Adjudged and Decreed that the said mandate be and the same is hereby made the order and decree of this court and that said order or decree dated March 4, 1949, be and the same is hereby reversed and the petition of Charles L. Surprise, Trustee herein for turn-over, upon which petition said order of March 4, 1949, was based, is now dismissed for want of jurisdiction in this court.

"Further Ordered, Adjudged and Decreed that respondent, Robert B. Fletcher, have execution for costs taxed by the Circuit Court of Appeals and that he recover his costs in this court as taxed, and that he have execution therefor."

On October 30, 1950, pursuant to the bill of costs filed by Robert B. Fletcher, the clerk taxed costs in the District Court in favor of Robert B. Fletcher and against Charles Surprise, Trustee, in the sum of $2687.77. The next day, October 31, 1950, Robert Moore, Successor-Trustee, filed his motion to retax costs.

The District Court entered an order on January 18, 1951, granting in part the motion to retax costs by directing that the items for cost of printing appellant's brief be not allowed; that the item for cost of printing reply brief be not allowed; that the item for cost of printing appellant's answer for petition for rehearing be not allowed, and that the item of costs of printing appellant's answer to petition for certiorari be not allowed. The order provided that "in all other respects the motion is denied." Among the items of costs allowed by the District Court is one for premiums paid to Continental Casualty Company on supersedeas bond from March 14, 1949 to November 1, 1950, in the amount of $1636.00.

The notice of appeal was filed on January 27, 1951, by Robert Moore, Successor Trustee; he appealed from the order of January 18, 1951, denying petitioner's motion to retax costs.

Appellant, in this appeal, insists that the District Court's order of January 18, 1951, in so far as it denies his motion to retax costs, should be reversed, and the cause remanded to the District Court with directions to vacate all costs taxed in favor of Robert B. Fletcher and against the successor-trustee.

In support of his contention he urges:

1st—That because this court in the former appeal decided that under the facts and circumstances there existing the District Court was without authority to exercise summary jurisdiction in the turn-over proceeding involved, it follows that there was no power to tax costs against the trustee of the bankrupt estate.

2nd—His next claim is that, even though costs are held to be taxable against the trustee, the premiums paid by Fletcher on his supersedeas bond are not properly chargeable as items thereof.

I—Appellant's first contention that where jurisdiction to entertain a proceeding is lacking, the court has no power to tax costs therein is met at the outset with the provision of the Judicial Code of 1948, Act June 25, 1948, c. 646, 62 Stat. at Large 955, which provides: "Whenever any action or suit is dismissed in any district court for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C.A. § 1919. He contends that the legislative history of this section and judicial precedents show that it "applies only to cases of the type where there has been an improper or collusive joinder of parties to confer jurisdiction." This contention is wholly untenable. The legislative history of the quoted sections of the Federal Judicial Code and the decisions of the Supreme Court thereon, demonstrate the fallacy of appellant's contention.

The section had its origin in the Act of March 3, 1875, 18 Stat. at Large 470; it derives from section 5 of that Act which was entitled: An act to determine the jurisdiction of the Circuit Courts of the United States and to regulate the removal of causes from State courts and for other purposes. As originally enacted, section 5 provided, 18 Stat. at Large, 472: "That if, in any suit commenced in a circuit court or removed from a State court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just; but the order of said circuit court dismissing or remanding said cause to the State court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be."

The next item in the legislative history of the Section is the amendment of March 3, 1887, 24 Stat. at Large 555. This amendment struck from the Act the provision of the last clause thereof concerning the reviewability of orders dismissing or remanding causes to State Courts.

The Act of August 13, 1888, was merely an act to correct error in the enrollment of the Act of March 3, 1887.

By Act of March 3, 1911, 36 Stat. 1098, 25 Stat. at Large, 433–436, the words "Circuit Court" originally in the Act were changed to "District Court." Thereafter, the section was known as Sec. 37 of the Judicial Code of 1911. It so remained until the enactment of the Judicial Code of 1948.

In the meantime, in 1884, the Supreme Court in Mansfield C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 514, 28 L.Ed. 462, a suit at law, speaking of the Act of March 3, 1875, said: "* * * These provisions were manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs. McIver v. Wattles, 9 Wheat. 650 [6 L.Ed. 182]; The Mayor v. Cooper, 6 Wall. 247 [18 L.Ed. 851]."

Again in 1910, the Supreme Court in Conley v. Ballinger, 216 U.S. 84, 30 S.Ct. 224, 54 L.Ed. 393, which was a bill in equity brought by a descendant of the native Indians, with whose tribe the United States had concluded a treaty, seeking to restrain the Secretary of the Interior from disturbing or disposing of an Indian cemetery in alleged violation of such treaty, applied the Act of March 3, 1875, and concluded that under the circumstances of that case the bill should be dismissed without costs.

See also DeVost v. Twin State Gas & Electric Co., 1 Cir., 252 F. 125, 126, which said of Citizens' Bank of Louisiana v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451, on which appellant here relies: "We are unable to regard that case as an authority which requires us to ignore the plain language of section 37 (Judicial Code of 1911)."

As a matter of fact, all the provisions of the Act of March 3, 1875, as amended, have been incorporated into and become a part of the Judicial Code of 1948. Cf. 62 U.S. Stat. at Large, pp. 935–939 and 955; 28 U.S.C.A. §§ 1395, 1447(e) and 1919.

Appellant's first contention must, therefore, be denied.

II—Appellant's next contention is that the item for $1636.00, being premiums paid for the supersedeas bond in the former appeal, is not properly taxable against the Successor Trustee. He says: "The basic doctrine has always been against taxing bond premiums. The only exceptions are in those districts where there is a rule of court or usage, equivalent to a rule, allowing such an item." There is no such court rule or usage in the Northern District of Indiana. Hence, he concludes the item for bond premiums was improperly taxed? His first or major premise is not a true statement of the law.

At common law the general rule was that costs were not recoverable except pursuant to statutory enactment. 14 Amer.Juris. p. 15; 7 R.C.L., 781–782.

In equity, however, the awarding of costs depends largely upon the facts and circumstances of each particular case and rests within the discretion of the court. 7 R.C.L., 783–784. Unless otherwise provided by statute or rules of court, costs in equity do not always follow the outcome of the suit; they rest in the sound discretion of the court according to the justice of the cause or the facts and circumstances of the particular case (14 Am.Jr. 16). The prevailing party is, however, prima facie entitled to costs, and it is incumbent on the unsuccessful party to show circumstances sufficient to overcome the presumption. A bankruptcy court is a court of equity within this rule.

Moreover, under Sec. 2, sub. a(18) of the Bankruptcy Act, as amended, the Chandler Act, 52 Stat. 842, Courts of Bankruptcy may tax costs and render judgments therefor against the unsuccessful party, against the successful party for cause, and against estates in proceedings under the Act. 11 U.S.C.A. § 11, sub. a(18).

Many of the federal cases, on this point, discussed in appellant's brief, will be found evaluated in an annotation entitled: "Taxable costs and disbursements as including premiums paid on bonds incident to steps

taken in action." 81 A.L.R. 1532. The editor concludes on page 1538: "In a number of cases, either by rule of court or through usage, it has been held that the premiums paid for a bond given in a judicial proceeding is an item to be taxed as part of the costs. (Citing many federal cases.) Such usage appears to be well settled in the Second District."

In Newton v. Consolidated Gas, 265 U.S. 78, on page 86, 44 S.Ct. 481, on page 484, 68 L.Ed. 909, a proceeding in equity when premiums paid for bonds were held taxable as costs, the Court said: "By the Act of August 13, 1894 (Chapter 282, 28 St. 279 [6 U.S.C.A. §§ 6–13] ), Congress has made elaborate provision for the safe use of surety companies as security upon bonds required in court and other proceedings, and, while it does not exclude individual sureties, it offers a most convenient and stable means of obtaining indemnity against the default of parties. This is much to be preferred to individual sureties, because a properly conducted surety company makes it its business promptly to investigate and to meet its liabilities. Acceptance of the service of such companies is, of course, upon the basis of a regular rate of compensation, and where a party litigant has, because of the claim of the opposing party, been compelled to furnish such security, and it turns out that it was wrongly required, a rule of court or usage which imposes the expense of the security on the defeated party is not unreasonable."

█ Since a usage may not be contrary to law—Vol. 2 Bouvier's Law Dictionary, Rawle's Third Reversion, p. 3378 citing Pickering v. Weld, 159 Mass. 522, 34 N.E. 1081, it must be manifest that if the District Court of the United States lacked power, to include bond premiums as items of taxable costs, no usage permitting such practice could properly arise in any district. We would be relegated to the ancient law of common law; it would demand a statutory enactment to justify the inclusion of such an item as taxable costs. Likewise, it would be impossible for such a court to adopt a rule authorizing the inclusion of such items as taxable costs, if the court lacked the authority to so assess them.

In our own circuit, the District Court for the Northern District of Illinois, has adopted such a rule. It provides that if costs shall be awarded to either or any party, then the reasonable premium or expense paid on all bonds or stipulation by that party in that suit shall be taxed as part of the costs of that party. In Swalley v. Addressograph-Multigraph Corp., 7 Cir., 168 F.2d 585, a suit to recover damages for breach of contract, the District Court for the Northern District of Illinois, acting on mandate from this court, taxed as costs the premiums paid on a supersedeas bond. We affirmed the judgment of the District Court, citing in support of our ruling the annotation in 81 A.L.R. 1537.

█ Here again, we are of opinion that power in District Courts of the United States to adopt and enforce such a rule necessarily requires that said courts have authority to include premiums paid for bonds as proper items of taxable costs. We believe they have such authority derived from the equitable power to assess costs according to the demands of justice, as disclosed by the facts and circumstances of the particular case being considered.

█ In the case at bar, the appellee, Fletcher, was subjected summarily to proceedings by a trustee in bankruptcy, those proceedings have been found to be beyond the summary jurisdiction of the bankruptcy court. Nevertheless, an order was directed against him therein and to protect his rights against such summary jurisdiction he was forced to appeal to this court and to give a supersedeas bond in the sum of $50,000 to retain possession of the property pending proper plenary proceedings. In addition, other expenses were necessarily incurred in the prosecution of his appeal to this court, and in resisting certiorari in the Supreme Court. Much of the money he expended cannot be recovered as taxable costs. Under such circumstances we believe that the United States District Court, for the Northern District of Indiana, ruled properly in allowing him the reasonable premiums paid for the supersedeas bond as an item of taxable costs.

The appellant herein appended to his original brief, filed on July 13, 1951, a peti-

tion to recall the mandate, re-tax costs and reconsider the decision of former appeal No. 9889, 180 F.2d 669. The motions directed to that end, after being overruled without prejudice, were at least twice renewed. All such motions in appeal 9889 have been now definitely overruled. We mention this fact merely to indicate that we have examined and considered such petition and motions. They require no further mention or consideration in the disposition of the appeal.

The order of the District Court is therefore affirmed.