Leo F. BAUM, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Third Party Plaintiff-Appellee,

v.

JACKSONVILLE SHIPYARDS, INC., Third-Party Defendant-Appellee.

No. 29119

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1970.

George J. O'Neill, Richter, Syken, Ross, Binder & O'Neill, Philadelphia, Pa., Tom B. Stewart, Evans & Stewart, Jacksonville, Fla., for appellant; Seymour I. Toll, Philadelphia, Pa., of counsel.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Thomas J. Boyle, Admiralty & Shipping Section, Ralph A. Fine, Atty., Morton Hollander, Chief, Appellate Section, U. S. Dept. of Justice, Washington, D. C., for the United States.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Charles Cook Howell, III, Jacksonville, Fla., for Jacksonville Shipyards.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court for the Middle District of Florida denying plaintiff Baum's motion to review a prior order taxing costs to the plaintiff, which included the expense ($400) incurred by defendant Jacksonville Shipyards in presenting the testimony of three experts at the trial.[1] The expense of the prevailing party's expert testimony cannot be taxed against the unsuccessful litigant in this case. Therefore plaintiff's motion should have been granted and the district court's order is reversed.

 Rule 54(d) states generally that "costs shall be allowed as of course to the prevailing party". This includes costs of subsistence and travel of witnesses within the 100-mile zone to which process extends. However, expert witness fees, above subsistence and travel, will not be taxed against the losing party. Dept. of Highways v. McWilliams Dredging Co., D.C.La., 1950, 10 F.R.D. 107, aff'd, 5 Cir., 187 F.2d 61. This rule applies with equal force where the United States is a party.

> * * * we have categorically determined that expert witness fees are not taxable under 28 U.S.C.A. § 1821. (Citation omitted). This is the rule for private litigants. Nothing in the [Federal Tort Claims Act], or the policy behind it, affords any basis for a more liberal rule against the Government.

United States v. Kolesar, 5 Cir., 1963, 313 F.2d 835, 837.

So, regardless of the fact that the United States is a party in this case, the expert witness exception to Rule 54(d) applies

and prevents the taxing of costs of expert witnesses used in its (and Jacksonville Shipyards') defense against plaintiff Baum.

 The case relied on by Jacksonville Shipyards, Henning v. Lake Charles Harbor and Terminal District, 5 Cir., 1968, 387 F.2d 264, which held that under the *Erie* doctrine the federal courts would apply state law as to what costs are taxable to the losing litigant, and that under state law (in Louisiana and Florida) expert witness costs are taxed against the losing party in the full amount, is not applicable here. That was a diversity case and the case here is under the Suits in Admiralty Act, which federal law has pre-empted substantive issues arising thereunder. There being nothing in the Suits in Admiralty Act pertaining to costs of expert witnesses, this is properly a question of procedure, not caught up in the *Erie* doctrine and is therefore discretionary with the courts under Rule 54(d). See 3 Barron and Holtzoff, §§ 1195, 1197.

In answer to Jacksonville Shipyards' contention that the plaintiff's motion to retax was not timely made and was therefore a waiver, the *Kolesar* decision, supra, 313 F.2d footnote 1, page 837, provides ample precedent that

> " * * * the Court within its sound discretion could entertain and act upon it [the motion] even though tardy. F.R.Civ.P. 6."

Therefore, plaintiff's Bill of Costs should be reduced by the amount of costs for expert witnesses used by the defendants in excess of the subsistence and travel expenses of the expert witnesses.

The order of the district court is reversed and remanded for entry of an order in accordance with this opinion.

Reversed and remanded with instructions.

---

[1]. The substantive issues presented by this case have already been decided by this court in Baum v. United States, 5 Cir., 1970, 427 F.2d 215 [June 2, 1970].